# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES R. KAMMEYER, Jr.,<br>#20118-081,<br><br>                Petitioner,<br><br>vs.<br><br>WILLIAM TRUE,<br><br>                Respondent. | Case No. 18-cv-01746-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner James Kammeyer, Jr., is currently incarcerated at the United States Penitentiary located in Marion, Illinois ("USP-Marion"). He was convicted of one count of possession of child pornography in violation of 18 U.S.C. § 2252(A)(a)(5) in *United States v. Kammeyer, Jr.*, No. 2:13-cr-431-CW-1 (D. Utah). On February 18, 2015, the United States District Court for the District of Utah (Central Division) sentenced him to 120 months of imprisonment, with his federal sentence to run concurrently with a state sentence imposed by the Third Judicial Circuit Court for Salt Lake County, State of Utah, in Case No. 181400584. (Docs. 92-93).

Petitioner brings this habeas corpus action under 28 U.S.C. § 2241 to challenge the execution of his federal sentence. (Doc. 1). Specifically, the Judgment allegedly fails to identify the starting date of Petitioner's federal sentence, and he takes issue with the Federal Bureau of Prisons' ("BOP") computation of it under 18 U.S.C. § 3585(b). (Doc. 1, pp. 6, 10). He contends that the sentencing court intended it to commence on June 19, 2013, with credit for time served. (Doc. 1, pp. 10-13). The sentencing transcript and plea agreement allegedly support this position. (Doc. 1, pp. 2, 11). Petitioner asks this Court to recalculate his sentence and award him money

damages.[1] (Doc. 1, p. 8). Along with the § 2241 Petition, he submitted documentation of his efforts to exhaust his administrative remedies within the BOP before filing this action. (Doc. 1, pp. 17-44).

This matter is now before the Court for review of the § 2241 Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

A petition filed pursuant to 28 U.S.C. § 2241 by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). Section 2241 can be used to challenge the computation of a federal inmate's sentence by the BOP in the district of confinement. *See Taylor v. Lariva*, 638 F. App'x 539, 541 (7th Cir. 2016) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)); *Romandine v. United States*, 205 F.3d 731, 736 (7th Cir. 2000). Petitioner challenges the BOP's computation of his federal sentence, which he is currently serving at a facility located in this federal judicial district. His claim is thus cognizable under § 2241 and warrants further consideration.

Without commenting on the merits, the Court concludes that the § 2241 Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.

---

[1] Petitioner also seeks to bring a claim for money damages under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80. He cannot do so in this habeas action. The FTCA claim is considered dismissed without prejudice. This Order does not preclude him from filing a separate suit under the FTCA.

**Disposition**

**IT IS HEREBY ORDERED** that Respondent True shall answer the Petition or otherwise plead within thirty (30) days of the date this Order is entered (on or before December 28, 2018).[2] This preliminary Order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to United States Magistrate Judge Clifford J. Proud for disposition, as contemplated by Administrative Order No. 132, Local Rule 72.2(b)(3), and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Dated: November 28, 2018**

**s/ STACI M. YANDLE**
**District Judge**
**United States District Court**

---

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.