IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES R. KAMMEYER, Jr., # 20118-081, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 18-cv-1746-SMY |
| ) | |
| D. SPROUL, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner James R. Kammeyer, Jr., is incarcerated at the United States Penitentiary in Marion, Illinois ("Marion"). He filed this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his 120-month federal sentence, claiming that the Bureau of Prisons ("BOP") miscalculated the duration of the sentence by using an incorrect starting date. (Doc. 1). Petitioner requests that this Court order the BOP to recalculate his sentence with June 19, 2013 as the date of commencement as provided in his plea agreement and accepted by the court during his sentencing proceeding. (Doc. 1, pp. 8, 11-13, 15-16).

Respondent contends that Kammeyer has received all the credit against his sentence that he is due. He points out that as a result of the administrative remedy process, Kammeyer's sentence was recalculated to credit him with 201 days that he spent in custody during two periods in 2013.[1] (Doc. 12, pp. 3-9).

### Relevant Facts and Procedural History

Prior to his federal conviction, Kammeyer was arrested on April 29, 2013 for three Utah

---

[1] Pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). (Doc. 1, pp. 37-38, 42). The BOP gave Petitioner 201 days credit for the periods April 29, 2013-June 27, 2013 and July 28, 2013-December 18, 2013, when he was in state custody awaiting sentencing on his Utah state offenses.

1

state felony offenses (threat of terrorism, aggravated assault, and purchase/use of a firearm by a restricted person; Salt Lake County Docket No. 131400584). (Doc. 12, p. 2; Doc. 12-2, pp. 12-13). He was also charged with a misdemeanor disorderly conduct offense on the same date. (Doc. 12, p. 2). He remained in custody and was indicted in the District of Utah on the federal offense of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b) on June 19, 2013. (Doc. 12, p. 3; Doc. 12-2, pp. 7-8); *United States v. Kammeyer*, Case No. DUTX2:13-CR-431 (D. Utah).

On June 27, 2013, Kammeyer was sentenced to 30 days on the misdemeanor disorderly conduct charge. He served that jail sentence from June 28, 2013 until July 27, 2013.[2] (Doc. 12, p. 3). He was sentenced to a maximum of 10 years imprisonment on the state terrorism and other felony charges on December 16, 2013.[3] (Doc. 12, p. 3; Doc 12-2, pp. 12-13). That sentence commenced on December 18, 2013 when Kammeyer was transferred to the Utah Department of Corrections. He was given credit for prior custody against that sentence for the periods April 29, 2013-June 27, 2013 and July 28, 2013-December 18, 2013. (Doc. 12, p. 3).

The District of Utah issued a Writ of Habeas Corpus ad Prosequendum on the child pornography case and Kammeyer was taken into temporary federal custody on December 19, 2013. (Doc. 12, pp. 3-4). He eventually pled guilty and was sentenced on February 18, 2015 to 120 months, to be served concurrently with the 10-year state sentence imposed in Docket No. 131400584. (Doc. 12-2, pp. 26-31). The written Judgment does not specify the date on which the sentence was to commence. However, the Rule 11(c)(1)(C) Plea Agreement states that the Government "will recommend that the Defendant be given credit for time served from June 19, 2013," the date his indictment was issued. (Doc. 1, pp. 11, 25). When the written plea was

---

[2] The 30-day misdemeanor custody was not credited against either Kammeyer's state or federal sentence.
[3] Kammeyer was sentenced to three 5-year terms of imprisonment; two terms to be served concurrent to one another and the other to be served consecutively to those two. (Doc. 12-2, pp. 12-13).

reviewed at the sentencing hearing, defense counsel stated his understanding that Kammeyer's sentence would be concurrent with the state sentence he was already serving, and that "that concurrent time runs from his original arrest in this case." (Doc. 1, pp. 11-12, 19; Doc. 12-2, p. 62). The prosecutor agreed, and the sentencing judge confirmed that he had the same understanding. *Id.* The judge stated, "Based on the representations, the materials that I've read, the Court finds that the Rule 11(c)(1)(C) sentence is a reasonable sentence." He then imposed the 120-month sentence "to run concurrent with the state sentence that was imposed in the state case, Docket Number 131400584." (Doc. 1, pp. 12-13, 19; Doc. 12-2, pp. 63-65). Kammeyer was returned to Utah state custody.

On June 14, 2016, Kammeyer was paroled by Utah officials and transferred to federal authorities to continue serving his 120-month federal sentence. The BOP calculated his sentence based on a commencement date of February 18, 2015 (the date of his federal court sentencing). This resulted in a projected release date of November 5, 2023, after application of good conduct time. (Doc. 1, pp. 39-40). Kammeyer protested the calculation and was then credited with an additional 201 days for pre-sentence custody (April 29, 2013-June 27, 2013 and July 28, 2013-December 18, 2013 – which had also been credited on his state sentence), moving up his projected release date to April 18, 2023.[4] (Doc. 1, pp. 37-38, 41-42; Doc. 12, pp. 4-5, Doc. 12-2, pp. 48-50).

## Applicable Law

The Attorney General, acting through the BOP, calculates a defendant's sentence "as an administrative matter when imprisoning the defendant." *United States v. Wilson*, 503 U.S. 329, 335 (1992). A federal prisoner may challenge the execution of his sentence in a petition filed

---

[4] According to the BOP's online inmate records, Kammeyer's current projected release date is February 7, 2023. Https://www.bop.gov/inmateloc/ (last visited July 27, 2020).

under 28 U.S.C. § 2241 in the district of incarceration. *See Taylor v. Lariva*, 638 F. App'x 539, 541 (7th Cir. 2016) (citing *Wilson*, 503 U.S. at 335); *Romandine v. United States*, 205 F.3d 731, 736 (7th Cir. 2000); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, Kammeyer's claim is properly before this Court.

The BOP's sentencing calculation is governed by 18 U.S.C. § 3585 which provides that a federal prison sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Section 3585(b) addresses credit for time served before the commencement of a federal sentence:

> (b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

In applying these statutory requirements, the BOP looks to the Judgment. *See United States v. Cephus*, 684 F.3d 703, 710 (7th Cir. 2012) (referencing U.S. Department of Justice, Federal Bureau of Prisons, *Legal Resource Guide to the Federal Bureau of Prisons* 10 and n.5 (2008)). However, if the Judgment as written conflicts with the oral pronouncement of sentence, "[w]hat the judge says in sentencing a defendant takes precedence over the written judgment." *Cephus*, 684 F.3d at 709; *United States v. Burton,* 543 F.3d 950, 953 (7th Cir. 2008) ("As we have often noted, '[t]he rule in such situations is clear: If an inconsistency exists between an oral and the later written sentence, the sentence pronounced from the bench controls.'") (internal

4

citation omitted).

## Discussion

Strictly speaking, Kammeyer is not seeking additional "credit" against his sentence, as Respondent contends. (Doc. 12, pp. 2, 9). Instead, he is asking that his sentence be implemented as set forth in his written plea agreement which the sentencing judge orally acknowledged and accepted – the sentence was to commence on June 19, 2013, the date of his arrest, and was to run concurrent with his state sentence. (Doc. 1, pp. 2, 14-16). Kammeyer acknowledges that "to the extent that the BOP relied on the written Judgment," the agency made no error in calculating his sentence or crediting him for the pre-sentence time in state custody. (Doc. 1, p. 14). But the sentencing transcript reveals the court's unambiguous intent for Kammeyer's sentence to begin to run on June 19, 2013:

> [DEFENSE COUNSEL]: [I]t's my understanding that part of 11(c)(1)(C) is that the sentence he receives today will be concurrent with the sentence he's serving. He was brought here from the prison in the state case. And it's my understanding, correct me if I'm wrong, Counsel, that that *concurrent time runs from his original arrest in this case*.
>
> [AUSA]: Your Honor, I believe that's the way we anticipated that.
>
> THE COURT: And that's what I understood from the plea agreement is that the recommendation was that it would run concurrent.
>
> \* \* \*
>
> THE COURT: All right. Based on the representations, the materials that I've read, the Court finds that the Rule 11(c)(1)(C) sentence is a reasonable sentence.
>
> \* \* \*
>
> It is the judgment of the Court that the defendant James Ramsey Kammeyer be placed in the custody of the United States Bureau of Prisons for a period of 120 months. That sentence is to run concurrent with the state sentence that was imposed in the state case, Docket Number 131400584.

(Doc. 1, pp. 19-20; Doc. 12-2, pp. 62-65) (emphasis added).

5

A habeas court may direct the BOP to reduce or recalculate a sentence in order to give effect to the sentencing court's stated intent with respect to the execution of the sentence. *See Wilkins-El v. Marberry*, 340 F. App'x 320, 321-23 (7th Cir. 2009); *Gonzalez v. Watson*, Case No. 19-cv-1856-TWP-TAB (S.D. Ind. March 25, 2020, Doc. 14); *Amos v. Walton*, Case No. 12-cv-141-DRH-DGW, 2013 WL 6579348 (S.D. Ill. Dec. 13, 2013). For the foregoing reasons, this Court finds it appropriate to order such a remedy here.[5]

### Disposition

James R. Kammeyer, Jr.'s Petition for habeas relief under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED**. Respondent and the Federal Bureau of Prisons are **ORDERED** to recalculate Kammeyer's sentence imposed by the United States District Court for the District of Utah in *United States v. Kammeyer*, Case No. DUTX2:13-CR-431, to a total term of 120 months imprisonment commencing as of **June 19, 2013**, the date of his federal arrest. All other terms and conditions of the sentence shall remain the same. Kammeyer's Motion to Expedite (Doc. 23) is **GRANTED** insofar as this Order resolves his case. The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close this case.

**IT IS SO ORDERED.**

**DATED: July 27, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

---

[5] The Court notes that when Kammeyer's sentence is recalculated to commence on June 19, 2013, the period starting on that date overlaps with much of the 201 days for which the BOP gave him credit in August 2018. (Doc. 1, pp. 37-38, 41-42). The Court takes no position on whether Kammeyer may be entitled to credit for the period of his pre-sentence custody from April 29, 2013 to June 18, 2013.