IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES R. KAMMEYER, Jr., # 20118-081, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 18-cv-1746-SMY |
| | ) |
| D. SPROUL, | ) |
| | ) |
| Respondent. | ) |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

On July 27, 2020, this Court granted Petitioner James R. Kammeyer, Jr.'s habeas corpus petition, ordering Respondent to recalculate Kammeyer's 120-month sentence to commence as of June 19, 2013, the date of his federal arrest. (Doc. 24). The case is now before the Court on Respondent's Motion for Reconsideration and to Alter or Amend the Judgment, filed pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 27).

Respondent requests reconsideration of the portion of the Court's Order directing the BOP to recalculate Kammeyer's sentence "to a total term of imprisonment *commencing as of June 19, 2013, the date of his federal arrest*" on the basis it runs afoul of the rule that a federal sentence cannot commence before it is imposed. (emphasis added). Respondent's point is well taken. *See United States v. Tancil*, -- F. App'x --, 2020 WL 3221458, at *3 (7th Cir. June 15, 2020) ("a district judge may not backdate a sentence"); *see also Short v. Revell*, 152 F. App'x 542, 544 (7th Cir. 2005) ("A sentence cannot commence prior to its imposition"). That said, the sentencing court clearly intended to order that Kammeyer receive prior custody credit beginning June 19, 2013 and continuing uninterrupted through February 17, 2015. And, as Respondent notes, the BOP "may

1

award jail credit for a period of time that is otherwise *not authorized*, when credit for such time has been ordered by the sentencing court." (Doc. 27, p. 9 (emphasis in original), referencing BOP Program Statement 5880.28, p. 1-27, attached at Doc. 27-2).

Accordingly, Respondent's Motion for Reconsideration (Doc. 27) is **GRANTED**. The Respondent and the Bureau of Prisons are hereby **ORDERED** to recalculate Kammeyer's 120-month sentence imposed by the United States District Court for the District of Utah in *United States v. Kammeyer*, Case No. DUTX2:13-CR-431 in accordance with the sentencing court's intent that he receive prior custody credit beginning June 19, 2013 and continuing uninterrupted through February 17, 2015. The remainder of the Court's July 27, 2020 Order granting habeas relief (Doc. 24) shall remain as entered.  An Amended Judgment will be entered accordingly.

**IT IS SO ORDERED.**

**DATED: August 25, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**